UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

U.S. COURTHOUSE

402 E. STATE STREET

TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                     609-989-0478

United States Bankruptcy Judge                                            609-989-2259 Fax

March 20, 2013

Rosemarie Barbella, Esq.
113 Spring Garden Street
Milford, NJ 08848
Attorney for Plaintiff, Mary Kaminski

Barry W. Frost, Esq.
Kyle Francis Eingorn, Esq.
Teich Groh
691 State Highway 33
Trenton, NJ 08619
Attorneys for Debtor, Gregory Danese

Re: In re Gregory Danese (Chapter 7) (MBK)
Case No. 12-11328

Kaminski v. Danese
Adv. Pro. No. 12-1404

Counselors:

This matter is before the Court upon the summary judgment motion ("Motion") of Mary

Kaminski[1] ("Plaintiff"), relative to Plaintiff's adversary complaint ("Complaint") against

Gregory Danese ("Debtor"), which seeks to declare a certain debt non-dischargeable pursuant to

11 U.S.C. § 523(a)(6) for malicious and willful injuries arising out of the alleged conversion of

funds.   The Court has reviewed the pleadings submitted and entertained oral argument on

---

[1] Ms. Kaminski died on August 29, 2012 and her estate succeeds to the claims set forth in the Motion and
Complaint.

January 28, 2013.  The Court has also received and reviewed the supplemental pleadings filed by the parties.  The Court issues the following ruling:

## I.      Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (I), and (J).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

## II.      Background

On January 20, 2012 ("Petition Date"), the Debtor filed his voluntary Chapter 7 petition. On April 24, 2012, Plaintiff filed her Complaint against the Debtor.  In short, the Complaint seeks to declare non-dischargeable a jury award ("Judgment") in Plaintiff's favor in a state court action ("State Court Action"), based on allegations that the Debtor, Plaintiff's nephew, converted for his own use property of Plaintiff.  The jury in the State Court Action awarded Plaintiff compensatory damages of $196,000 and punitive damages of $5,000, plus pre-judgment interest in the amount of $7,150.63, for a total of $208,150.63.  See Exhibit A to Complaint, Docket No. 1.

On August 15, 2012, Plaintiff filed the within Motion, asserting that the Judgment, which was memorialized in writing and awarded punitive damages, demonstrates that the Debtor's

---

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

conduct was willful and malicious and therefore satisfies the standard set forth in 11 U.S.C. §

523(a)(6). Thus, Plaintiff asks this Court to: (i) declare non-dischargeable the Judgment obtained

in the State Court Action, and (ii) grant summary judgment in favor of Plaintiff.  For the reasons

that follow, the Court finds that summary judgment is not appropriate at this juncture.

### III.    Discussion

Section 523 of the Bankruptcy Code provides exceptions to discharge of debts in

bankruptcy.  See 11 U.S.C. § 523.  Further, as explained previously by this Court in In re

Wulster, "[t]he party objecting to the dischargeability of a debt bears the burden of proving by a

preponderance of the evidence that the particular debt falls within one of the exceptions to

discharge enumerated in Section 523(a)."   2012 U.S. Dist. LEXIS 22479, *8 (D.N.J. 2012),

citing Grogan v. Garner, 498 U.S. 279, 291 (1991) and In re Singer, 2010 U.S. Dist. LEXIS

97604 (D.N.J. 2010).  Thus, it is Plaintiff's burden to prove that the Judgment in the State Court

Action falls within the parameters of § 523.

Section 523(a)(6) provides that "[a] discharge…does not discharge an individual debtor

from any debt for **willful and malicious injury** by the debtor to another entity or to the property

of another entity."   11 U.S.C. § 523(a)(6) (emphasis added).   As recently explained by our

District Court:

> **Injury is "willful and malicious" within the meaning of §
> 523(a)(6) when an actor purposefully inflicts the injury or acts
> in such a manner that he is substantially certain that injury
> will result.** In re Conte, 33 F.3d 303, 307 (3d Cir. 1994). Further,
> non-dischargeability pursuant to § 523(a)(6) requires a deliberate
> or intentional injury, not merely a deliberate or intentional act that
> leads to injury. See Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.
> Ct. 974, 140 L. Ed. 2d 90 (1998); In re Conner, 302 B.R. 509, 514

(Bankr. W.D. Pa. 2003) ("The phrase 'willful and malicious' modifies the word 'injury'. This implies that § 523(a)(6) requires a deliberate or intentional injury, not a deliberate or intentional act that merely happens to result in injury." (<u>citing</u> <u>Kawaauhau</u>, <u>supra</u>, 523 U.S. at 61)). Put differently, "[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." <u>Kawaauhau</u>, <u>supra</u>, 523 U.S. at 64. I note further that in assessing whether a particular debt is non-dischargeable, courts must narrowly construe the discharge exceptions in § 523(a) in favor of the debtor, given that the underlying policy of the Code is to afford the debtor a "fresh start." <u>In re Miller</u>, 156 F.3d 598, 602 (5th Cir. 1998); <u>In re Hawkins</u>, 231 B.R. 222, 228 (D.N.J. 1999).

<u>Jersey Cent. Power & Light v. Breslow</u>, 2013 U.S. Dist. LEXIS 22886, 7-8

(D.N.J. Feb. 20, 2013) (emphasis added).

   In the instant case, although Plaintiff is correct that the Judgment in the State Court Action found that the Debtor intentionally converted his aunt's funds for his own use, that finding alone is not enough to demonstrate that the Debtor intended to *injure* the Plaintiff.  <u>See</u> <u>IBD, Inc. v. Jenkins (In re Jenkins)</u>, 462 B.R. 822, 828 (Bankr. D. Kan. 2011) ("Conversion may constitute a willful and malicious injury depending upon the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice."), citing <u>Davis v. Aetna Acceptance Co.</u>, 293 U.S. 328, 332 (U.S. 1934). To the contrary, there is evidence to suggest that the Debtor acted under the belief that he was entitled to at least a portion of Plaintiff's property.  In this regard, the Debtor has submitted evidence documenting Plaintiff's intent to gift $90,000 to the Debtor, thus raising a genuine dispute of fact as to Debtor's willfulness or malice. <u>See</u> Docket No. 12, Exhibit C.  Accordingly,

4

the Court cannot find on this record alone that the Debtor intended to *injure* the Plaintiff as

required under 11 U.S.C. § 523(a)(6).[3]

Similarly, there is insufficient evidence to demonstrate that the punitive damages award

in the State Court Action was based on Debtor's willful and malicious conduct, as opposed to

other, less offensive conduct that still supports a punitive damage award.  The following sets

forth the New Jersey Model Civil Jury Charge for punitive damages:

> To support an award of punitive damages…you must find
> that [plaintiff] has proved, by clear and convincing
> evidence, that the injury, loss, or harm suffered by
> [plaintiff] was the result of [defendant's] acts or omissions
> and that either (**1**) **[defendant's] conduct was malicious
> or (2) [defendant] acted in wanton and willful disregard
> of [plaintiff's] rights**. Malicious conduct is intentional
> wrongdoing in the sense of an evil-minded act. Willful or
> wanton conduct is a deliberate act or omission with
> knowledge of a **high degree of probability** of harm to
> another who foreseeably might be harmed by that act or
> omission and reckless indifference to the consequence of
> the act or omission.

See Model Civil Jury Charge 8.60 – Punitive Damages (emphasis added); see also Nappe v.

Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49 (1984) ("Our cases indicate that the

requirement may be satisfied upon a showing that there has been a deliberate act or omission

with knowledge of a high degree of probability of harm and reckless indifference to

consequences"); Di Giovanni v. Pessel, 55 N.J. 188, 190 (1970) ("Something more than the mere

commission of a tort is always required for punitive damages. There must be circumstances of

aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the

---

[3] Although Plaintiff is correct that the Judgment also demonstrates the jury's findings that Plaintiff's conduct was egregious, "egregiousness" is not the standard for 11 U.S.C. § 523(a)(6).

defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton").

In light of the foregoing, if the jury in the State Court Action based its punitive damages award on the malice prong of the Model Civil Jury Charge, then the Court's analysis is similar to the "willfully malicious" standard set forth in 11 U.S.C. § 523(a)(6). As explained above, however, an intentional injury must also be shown under 11 U.S.C. § 523(a)(6) and is lacking under these circumstances. Even if the Court were to find that the "malicious" prong of Model Civil Jury Charge 8.60 is the equivalent of the "willful and malicious" standard of 11 U.S.C. § 523(a)(6), it is possible that the jury in the State Court Action instead bottomed its punitive damages award on the second prong and found that the Debtor acted in wanton and willful disregard of Plaintiff's rights. In that regard, the jury had only to find that the Debtor acted with a "high degree of probability" that harm would result to the Plaintiff. A "high degree of probability" standard, however, is a lower threshold than the "substantially certain" standard and therefore cannot be applied to sustain a claim under 11 U.S.C. § 523(a)(6). See Conte v. Gautam (In re Conte), 33 F.3d 303, 309 (3d Cir. N.J. 1994) ("[T]he Bankruptcy Code requires at least a deliberate action that is substantially certain to produce harm. The jury's finding that Conte's actions had a high probability of producing harm to the Gautams does not establish that his conduct was substantially certain to produce such injury"). Accordingly, if the jury in the State Court Action awarded punitive damages because it found a "high degree of probability" that the Debtor's actions would harm the Plaintiff, such a finding is insufficient to support a claim under 11 U.S.C. § 523(a)(6).

Furthermore, although this Court is generally subject to principles of collateral estoppel -- see Leonelli-Spina v. Albro, 2010 U.S. Dist. LEXIS 32105, 14-15 (D.N.J. Apr. 1, 2010) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was entered") (citations omitted) -- the Court does not have an adequate record before it to determine whether collateral estoppel is applicable under these circumstances.  Specifically, as articulated above, the Court cannot at this stage of the litigation determine whether the conversion of funds were undertaken with willful and malicious intent, or under which applicable standard the jury awarded punitive damages.  Thus, because the record does not include specific factual findings in the State Court Action, this Court resolves that there remains a genuine dispute of fact as to whether Debtor's conduct satisfies the standards set forth in 11 U.S.C. § 523(a)(6).  Accordingly, the Court will deny summary judgment, without prejudice, on this record.

**IV.    Conclusion**

In light of the foregoing, Plaintiff's motion for summary judgment is denied without prejudice.  Counsel for the Debtor is directed to submit a proposed form of order consistent with the Court's findings.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 20, 2013

7